RECEIVED
SEP 01 2017
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
SEP 01 2017
U.S. DISTRICT COURT MPLS

United States District Court
for the district of Minnesota

| | |
|---|---|
| The Disciples Road, ) <br>     Moving Party, ( <br>                              ( <br> v.                                 ) <br>                                 ) <br> Robert Hiivala, WRIGHT COUNTY AUDITOR ( <br> Mark Dayton, Governor, STATE OF MINNESOTA) <br> Joe Haggerty, WRIGHT COUNTY SHERIFF   ( <br>     Defendant's                      ( | Case Number <br> 17cv4114 DSD/DTS <br><br> Memorandum <br> of Law |

<u>Judicial Notice</u> is to be taken by the court administrator hearing this petition, of the following, evidences of law:

Art 1, Sec 8, Par (17), of US Constitution.

1) Governing laws of this case are: 1611 Authorized King James Bible, The Constitution for the united states of America and it's Bill of Rights, The Constitution for the state of Minnesota and it's bill of rights.

2) The purpose of this memorandum of law has three main points. Point number one is we will prove beyond a shadow of a doubt that under any system of law the Disciples Road has the one and only ownership claim to the land in question and that defendants have violated our God given and constitutionally protected unalienable rights.

3) Point number two is we will prove that there is and was no requirement for the Disciples Road to record the conveyance between Crescent Properties and the Disciples Road.

4) Point number three is we will prove that the defendant's have done legal maneuvers against a former owner knowingly, willfully, maliciously, and with blatant violations of their oaths of office making all their actions a nullity in law and void ab initio. They have harassed and attempted to intimidate peaceful members of our ministry who desire nothing more than to serve God and by extension serve others in our community and the world. See exhibit (WH) Correspondence with Wright Hennepin

5) after electricity turned off through the intimidation of defendant's and (ND) correspondence with defendant's in May – July of this current year in attempt to reason with them and deal with this administratively.

6) We will prove we have the only legitimate claim to the land by first examining the Trustees deed enclosed and labeled as exhibit (T). Notice the following facts:

1) It is signed and notarized by Crescent Properties acting Trustee.
2) It was delivered to the Disciples Road an unincorporated ministry.
3) The Disciples Road accepted the deed.
4) Transfer is complete. The Disciples Road is the owner under any system of law.
5) The following maxim of laws certainly applies here:

   ***Earlier in time, is stronger in right. First in time, first in right*** and ***What is first is truest; and what comes first in time, is best in law.***
6) Defendant's acknowledged this when they signed the contract on March 21, 2016 and it was transferred.

7) Similar to what was instructed us to do in the Bible.

*And I gave the evidence of the purchase unto Baruch the son of Neriah, the son of Maaseiah, in the sight of Hanameel mine uncle's son, and in the presence of the witnesses that subscribed the book of the purchase, before all the Jews that sat in the court of the prison. And I charged Baruch before them, saying, Thus saith the LORD of hosts, the God of Israel; Take these evidences, this evidence of the purchase, both which is sealed, and this evidence which is open; and put them in an earthen vessel, that they may continue many days.* **Jeremiah 32:12-14** AV 1611 King James Bible

7) Minnesota courts have long agreed with these principles.

In order to transfer title, **a deed must be delivered.** *Slawik v. Loseth*, 207 Minn. 137, 139, 290 N.W. 228, 229 (1940). The essential elements of delivery are **surrender of control by the grantor and intent to convey title.** *Id.* Physical delivery is not necessary; the grantor must merely show a **present, unconditional intention to part**

**with ownership**. *Mollico v. Mollico*, 628 N.W.2d 637, 641-42 (Minn. App. 2001) Delivery is primarily a question of fact depending on the intent of the parties. *Exsted v. Exsted*, 202 Minn. 521, 525, 279 N.W. 554, 557 (1938)

("Whether or not there has been a delivery is a question of fact."); *Babbitt*, 68 Minn. at 262–63, 71 N.W. at 22 ("Delivery is a question of fact, and is mainly and primarily one of the intention of the grantor.").

8) There can be no question that the deed was delivered, the grantor surrendered control, and showed a present unconditional intention to part with ownership. The Disciples Road is the owner of the land in question. Crescent Properties is not. We will now prove that the Disciples Road had no duty to record this with the Wright County Recorders office.

9) We will start out with a quote from the Minnesota Department of Revenue's Manual a manual they put out to help property tax appraisers to efficiently and fairly do their jobs.

Question: Is the 30-day application period meant to be from the date of recording or from the date on the Deed?

Minnesota Statutes, section 273.111, subdivision 11a provides for continuation of tax treatment upon sale when a property is sold provided the new property owner files an application for continued deferment of taxes "within 30 days after the sale" and meets all other requirements for Green Acres. In our opinion, this means that a new owner must file an application within 30 days of when the actual transfer of the property occurs, ***which is typically the date on the deed*. Since there is no specific requirement in law that deeds must always be recorded, it is our opinion that the date of recording of the deed is of no relevance.** (*emphasis mine*) (From Property Tax Appraisers Manual Module 2, pg 108 of 207)

They are dealing with a program called "Green Acres" but points out a relevant concept and that is this quote "*Since there is no specific requirement in law that deeds must always be recorded, it is our opinion that the date of recording of the deed is of no relevance.*" So we

see the Minnesota Department of Revenue feels deeds do not always need to be recorded.

10) Now we will contrast this concept with Torrens or the "registered" system of owning land in Minnesota.

> No voluntary instrument of conveyance purporting to convey or affect registered land, except a will, and a lease for a term not exceeding three years, shall take effect as a conveyance, or bind or affect the land, but shall operate only as a contract between the parties, and as authority to the registrar to make registration. **The act of registration shall be the operative act to convey or affect the land.** Minn. Stat. § 508.47, subd. 1 (1982). (*emphasis mine*)

11) Even with Torrens property which the vast majority of times does require a "registration" to effectuate the transfer of property does have exceptions which we see here: Minnesota Statute 508.25 RIGHTS OF PERSON HOLDING CERTIFICATE OF TITLE. Every person receiving a certificate of title pursuant to a decree of registration.... shall hold it free from all encumbrances and adverse claims,........excepting any of the following rights or encumbrances subsisting against it, if any:

1) liens, claims, or rights arising or existing under the laws or the Constitution of the United States, which **this state *cannot require to appear of record;..* (*emphasis mine*)**

12) So we see even with Torrens property which is much different than the abstract system of owning land has situations that if someone has a Constitutional right, in the Disciples Roads case, the freedom of Religion clause found in article one of the Bill of Rights of the Constitution for the United States, and article one section 10 of the same constitution, and Article One Section (16) of the Bill of Rights as found in the state of Minnesota's Constitution. This state cannot require even registered property owners to "appear of record." The Disciples Road would like to point out that the defendant's did their legal maneuvers against the former owner Crescent

Properties since they were well aware that a non-owner has no duty, care, or concern of property that they do not own and would be an easy one to default. At trial the Disciples Road is fully prepared to discuss the many differences between the three main ways one can own land in Minnesota and these are abstract, Torrens, and contracts for deed. This will be a very enlightening study for all concerned.

13) The rights we are claiming are unalienable as the originator of them is what the preamble for the Constitution for the United States called "Natures God." We know him as the "Lord God" which simply means supreme and that there is no other. The statement that "there is no specific requirement in law that deeds must always be recorded" is pertinent to this matter as the Disciples Road very deliberately because of our God given unalienable rights which are protected by Article One of the United States Bill of Rights which clearly says in part: *"Congress shall make no law respecting the establishment of Religion, or exercising the free exercise thereof."* They are also clarified in the Bill of Rights as found in the Constitution for the State of Minnesota which in Article one Section 16 it states 16. FREEDOM OF CONSCIENCE; NO PREFERENCE TO BE GIVEN TO ANY RELIGIOUS ESTABLISHMENT OR MODE OF WORSHIP. The enumeration of rights in this constitution shall not deny or impair others retained by and inherent in the people. ***The right of every man to worship God according to the dictates of his own conscience shall never be infringed;*** nor shall any man be compelled to attend, erect or support any place of worship, or to maintain any religious or ecclesiastical ministry, against his consent; ***nor shall any control of or interference with the rights of conscience be permitted***, or any preference be given by law to any religious establishment or mode of worship. (*emphasis mine*) The Disciples Road would like to repeat there is no biblical law or any other law that would compel us to record the transfer of ownership of abstract land between former owner Crescent Properties and the current owner the Disciples Road.

14) Point number three is where we will now prove that the defendant's had full knowledge of the change in ownership. see exhibits (N-N2) and the following cases.

> "Actual knowledge is generally given directly to, or received personally by, a party." Wash. Mut. Bank, F.A. v. Elfelt, 756 N.W.2d 501, 507 (Minn. App. 2008)(quotation omitted), review denied (Minn. Dec. 16, 2008).

> "A "purchaser in good faith" or bona fide purchaser is one who provides valuable consideration without actual, constructive, or implied notice of others' inconsistent outstanding rights. Miller v. Hennen, 438 N.W.2d 366, 369 (Minn.1989). However, any purchaser with such knowledge is not entitled to the protection of the Minnesota Recording Act. Minn. Cent. R.R. Co. v. MCI Telecomms. Corp., 595 N.W.2d 533, 537 (Minn.App.1999)

Knowing full well that the transfer of ownership did not need to be recorded, ignorance of the law is no excuse, they went full throttle on their crime spree against God and our ministry. The land is under American common law and as such a jury would decide if it needs to be recorded and not a united states administrator.

15) It all started on May 10, 2010 where a purported "buy in" occurred. This alleged buy in was between former owner Crescent Properties and defendant Robert Hiivala although details are somewhat unclear. We make this statement not because were making unsubstantiated allegations simply because of the fact we have been unable to find any court records of the event even though we have diligently inquired. We will find out through discovery what exactly happened. This alleged "buy in" is invalid on it's face for the following reasons. Under no system of law that I know of can a non-owner do some sort of simulated legal process against a former owner and somehow become a legitimate owner. We have proven that Crescent Properties at that time had no right, title, or interest that it could sell, transfer, convey, or forfeit. It had nothing. Exactly what the defendant's have in this

present moment.

> ("[W]here a deed was stolen from the grantor or the grantee had altered the deed so as to make it void, a bona fide purchaser was in no better condition than his grantor."). A deed that is void ab initio transfers no interest and cannot pass title even in favor of a bona fide purchaser. See White & St. Townsite Co. v. J. Neils Lumber Co., 100 Minn. 16, 22, 110 N.W. 371, 374 (1907)

The "buy in" was against former owner Crescent Properties who had NO rights whatsoever in the property. Former owners cannot sell, grant, forfeit, convey, lease, they have no rights at all, the same rights defendants have in the property. The Disciples Road has made diligent inquiry in the wright county court house to find a court record of the "buy in" or the "tax judgment sale" none was to be found under either the former owner Crescent Properties or the current owner the Disciples Road. We will gather this information through the discovery process.

> (because deed purporting to transfer title was "void, not simply voidable," given that grantor "had no power" to convey because he never "acquired any title," it was "immaterial" whether a subsequent purchaser was bona fide); Bausman, 45 Minn. at 417–18, 48 N.W. at 15–16.

16) Defendant's have and have always had exactly the same rights as the former owner did after March 20, 2009. None. This maxim of law applies to the purported "buy in"

***Out of fraud no action arises.***

17) The "tax judgment" sale is a nullity as it is built on the foundation of the fraud of the alleged "buy in." This maxim of law applies to the alleged "tax judgment sale":

***Once a fraud, always a fraud.***

    18) The Auditors Certificate of Forfeiture is a nullity as well as it relies on the fraud of the prior two actions and seems to me if this is in fact how they are claiming the right to harass the lawful owners. No notarized signature. Does not state who the grantor is. Does not state who the grantee is. Multiple dates on it. I could go on.

This cannot be a valid deed in law. This maxim of law applies:

*He who acts badly, hates the light*

19) We close this memorandum of law with one final point. That is the Disciples Road did under force and duress record the deed on March 21, 2016. When we went to record it the Wright County Recorder said we had to get an official signature from the auditors office in order to transfer the land. Since his office was directly across the hall we went over there and talked a while with defendant Hiivala who looked it over, he had already seen the deed, and handed it over to his clerk Christa McPearson and said to sign it. She did and utilized the phrase "no taxes due and transfer entered." We took that deed under the official signature of defendant Hiivala and went over to the recorders office who recorded it that day with no problems whatsoever. We thought this long drawn out ordeal was over. We were wrong. Much to our amazement it still remained on the tax forfeiture list. In our studies of the statutory laws that govern the defendant's day to day activities we did find some information on the phrase "no taxes due and transfer entered." It is found here;

**20) 2016 Minnesota Statutes Chapter 272: Section 272.12**

We shorten it to the pertinent parts.

272.12 CONVEYANCES, TAXES PAID BEFORE RECORDING. When:

(a) a deed or other instrument conveying land,..........

is presented to the county auditor for transfer, the auditor shall ascertain from the records if there be taxes delinquent upon the land described therein, or if it has been sold for taxes...... .If there are taxes delinquent, the auditor shall certify to the same; and upon payment of such taxes, *or in case no taxes are delinquent, shall transfer the land upon the books of the auditor's office, and note upon the instrument, over official signature, the words, "no delinquent taxes and transfer entered,"* or, if the land described has been sold or assigned to an actual purchaser for taxes, the words "paid by sale of land described within;" and, *unless such statement is made upon such instrument, the county recorder or the registrar of*

> ***titles shall refuse to receive or record the same.................................. A decree or judgment that affects title to land but does not convey land may be recorded without presentation to the auditor.***
>
> *A violation of this section by the county recorder or the registrar of titles shall be a **gross misdemeanor**, and, in addition to the punishment therefor, the recorder or registrar shall be liable to the grantee of any instrument so recorded for the amount of any damages sustained.*

The Disciples Road thinks this is so clear it hardly needs elaboration:

> *When a statute is clear and unambiguous, we apply the statute's plain meaning and interpret the words and phrases in the statute according to their plain and ordinary meanings. Cnty. of Dakota v. Cameron, 839 N.W.2d 700, 705 (Minn.2013).*

We see that a deed, Exhibit (T) perfectly valid, that conveyed land from Crescent Properties to the Disciples Road was presented to the county auditor for his "official signature." This signature was procured and the land was transferred utilizing the phrase "no taxes due and transfer entered." The statute then goes on to say that unless such statement is made upon such instrument, the county recorder shall refuse to record the same. It then states that if there is NO conveyance of land the auditors signature is not required. It then closes with the warning to the county recorder that a violation of this section is a gross misdemeanor and that the county recorder is liable to the grantee of any damages sustained.

A rudimentary reading of the statute and then comparing the wording of the deed leads to an inescapable conclusion. The Disciples Road is the legal and lawful owner of the land in question. So we reiterate this may appear to be a title issue but a plain reading of the deed shows the former owner Crescent Properties has no claim no claim to the land in question and neither do the defendants. This is simply a case of government servants stepping outside of their bounds of authority and violating their oaths of office. This has to stop.

21) We later found out that on March 24, 2016 there was a tag put on the Auditors records which was a "DNCP tag per Robert and Brian." We think this means "do not change plate." We say we think once again and it is not an unsubstantiated allegation as we have found no system of law whether it be biblical, constitutional, the common law, or even the statutory laws that govern the defendant's behavior where it is even mentioned. It must be some internal corporate policy. Defendant Hiivala must be somewhat of a unbalanced soul as he signs off on a deed one day and then like a little child changes his mind three days later and from our knowledge without any judicial decree, or law that backs his decisions just inserts some internal company policy that is interfering with our peaceable enjoyment of our property. Therefore we leave that up to the court and the defendant's to clarify for us what it really means and what law, and judicial determination was used to put the "DNCP"tag on land owned by the Disciples Road, recorded under official signature of one of the defendants Robert Hiivala, and transferred on March 21, 2016.

22) We close this memorandum of law that the Disciples Road law is first and foremost the laws of God as found in the Authorized 1611 King James Bible. Our unalienable rights come from the Lord God what the preamble to the Constitution for the united States refers to as "Natures God." The founders of this county wrote into the Declaration of Independence, the Preamble to the aforementioned Constitution, its Bill of Rights, and the Constitution of the state of Minnesota and it's Bill of Rights wording designed to stop the trespass of government on these rights and on our property. Defendant's have violated their oaths with impunity. This must stop. The end. I close with a message and a warning from the Lord God to defendant's "*quit persecuting my Sons in whom I am well pleased.*"

*Terry Halonen*

By: Terry Halonen, a man
c/o 14263 85th street southwest Cokato, Minnesota 55321
763-244-4903      Disciple67@tutanota.com