```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF MINNESOTA
                 Civil No. 17-4114(DSD/DTS)
```

The Disciples Road,

       Plaintiff,

v.                                                **ORDER**

Robert Hiivala, Wright County Auditor,
Mark Dayton, Governor, State of
Minnesota, Joe Haggerty, Wright
County Sheriff,

       Defendants.

    Terry Halonen, 14263 85th Street Southwest, Cokato, Minnesota, 55321, plaintiff pro se.

    Greg T. Kryzer, Wright County Attorney's Office, Wright County Government Center, 10 2nd Street NW, Room 400, Buffalo, MN 55313 and Eric V. Brown, Minnesota Attorney General's Office, Suite 1100, 445 Minnesota St, St. Paul, MN 55101, counsel for defendants.

This matter is before the court upon the motions to dismiss by defendants Robert Hiivala, Wright County Auditor; Joe Haggerty, Wright County Sheriff; and Mark Dayton, Governor of the State of Minnesota. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motions are granted.

Plaintiff The Disciples Road claims that defendants have trespassed on its land in Wright County, Minnesota. The land in question appears to have been forfeited following the non-payment of taxes. Compl. ¶¶ 10-11. On September 1, 2017, plaintiff filed this suit under 28 U.S.C. §§ 1331 and 2201 seeking a declaration that it owns the property at issue free of any encumbrance.

Defendants promptly moved to dismiss arguing, among other things, that the court lacks subject matter jurisdiction over the case because plaintiff has failed to allege any violations of the Constitution or federal law. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").[1] The court agrees that dismissal is proper under the circumstances presented.

As an initial matter, plaintiff is not represented by counsel. Plaintiff is a religious ministry purportedly represented by non-lawyer Terry Halonen. But Halonen is without authority to speak on behalf of another person or entity in this court.[2] See Jones ex rel. Jones v. Corr. Med. Servs., Inc., 401 F.3d 950, 952 (8th Cir. 2005) ("[A] ... non-attorney may not engage in the practice of law on behalf of others."); Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer ... has no right to represent another entity ... in a court of the United States."); see also 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by

---

[1] In response to the motions, plaintiff initially moved to voluntarily withdraw the action so that it may proceed in state court. ECF No. 21. Plaintiff has now withdrawn that motion, asserting that the court has jurisdiction under the Declaratory Judgment Act. ECF No. 22.

[2] Halonen is not a named plaintiff in this matter and has not asserted any claims on his own behalf. See Compl.

counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). For this reason alone, the court must dismiss the complaint.

In addition, the court lacks subject matter jurisdiction. The complaint predicates jurisdiction on the Declaratory Judgment Act without raising a federal question or asserting diversity jurisdiction.[3]  "[T]he Declaratory Judgment Act ... does not provide an independent basis for federal jurisdiction."  Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010) (citation and quotation marks omitted); see also Vaden v. Discover Bank, 556 U.S. 49, 70 n.19 (2009) ("[T]he Declaratory Judgment Act does not enlarge the jurisdiction of the federal courts; it is procedural only.") (citation and quotation marks omitted); Liberty Mut. Fire Ins. Co. v. Acute Care Chiropractic Clinic P.A., 88 F. Supp. 3d 985, 1015 (D. Minn. 2015) ("[C]ourts have long understood that the Declaratory Judgment Act is a procedural, not a jurisdictional, statute.").

---

[3]  Plaintiff must do more than simply cite to 28 U.S.C. § 1331; the complaint must actually present a federal question in order to invoke the court's jurisdiction.  See Stanturf v. Sipes, 335 F.2d 224, 229 (8th Cir. 1964) (citation and quotation marks omitted) ("[T]he mere assertion of a constitutional right does not confer federal jurisdiction; ... a federal question must exist not in mere form but in substance, and not in mere assertion, but in essence and effect.").

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motions to dismiss [ECF No. 12, 14] are granted; and

2. The case is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 17, 2017

s/David S. Doty  
David S. Doty, Judge  
United States District Court
